Byron T. and Helen I. ANDERSON, Petitioners-Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.

Kenneth C. and Lois MAHAN, Petitioners-Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.

James W. and Irene RILEY, Petitioners-Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.

James C. and Mary WAGGONER, Petitioners-Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.

Ellis and Myrtle WAGGONER, Petitioners-Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.

Delman D. and Donna R. FORD, Petitioners-Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.

Nos. 75–3148, 75–3196, 75–3530, 75–3629, 76–1210, 76–1211 and 76–1232.

United States Court of Appeals, Ninth Circuit.

Feb. 5, 1979.

Richard G. Daly (argued), Santa Monica, Cal., Victor T. Schaub (argued), of Eitzen, Schaub & Diehl, Eureka, Cal., for petitioners-appellants.

Gilbert S. Rothenberg (argued), Dept. of Justice, Washington, D. C., for respondent-appellee.

Before TRASK and WALLACE, Circuit Judges, and HOFFMAN,* District Judge.

TRASK, Circuit Judge:

Seven appeals by taxpayers protesting income tax assessments have heretofore been consolidated by this court for purposes of briefing, oral argument and opinion. A tabulation of the names of the taxpayers, the taxable years involved and the asserted deficiencies is attached to this opinion. (See Appendix). The cases are commonly known as the Mendocino County, California tax cases because they involve taxpayers who reside in the same general geographi-

cal area. The returns in question are also related in that they were prepared by, or at least under the guidance of, two individuals who counseled taxpayers and thus these cases have substantially the same issues.

Taxpayers are husbands and wives who filed joint income tax returns for the years in issue. The Commissioner of Internal Revenue thereafter determined tax deficiencies in their returns and issued statutory notices of deficiency. For the most part, these deficiency notices informed the taxpayers that a certain portion of their claimed business expenses and other deductions was being disallowed for lack of substantiation and failure to show that such expenses were ordinary and necessary. Each taxpayer thereafter, appearing *pro se*, filed with the Tax Court a petition for redetermination of the deficiencies.

The legal positions taken by taxpayers fall generally in three groups. In one group the taxpayers asserted

(1) that lack of substantiation is not a basis for a presumptively correct deficiency,

(2) that the deficiency asserted by the Commissioner was based on mere guesses; and

(3) that in any event the Tax Court was without jurisdiction to redetermine the deficiency.

In the second group, taxpayers

(1) claimed the deficiencies were excessive and lacked a rational foundation,

(2) charged infringement of Constitutional privileges,

(3) challenged the right of the Commissioner to perform his functions,

(4) challenged the rules, practices and jurisdiction of the Tax Court.

In the third group the taxpayers claimed that their tax returns, as filed, were correct.

With respect to the first group, the Commissioner, after some skirmishing, entered an order granting each taxpayer approxi-

---

* Honorable Walter E. Hoffman, Senior District Judge, for the Eastern District of Virginia, sitting by designation.

mately four weeks within which to file a properly amended petition and notified each that if this was not done their claims would be dismissed and the deficiencies sustained. There was no compliance with the order and their cases were ordered dismissed and the deficiencies sustained.

As concerns the second and third groups, the Tax Court, upon motion of the Commissioner, scheduled various pretrial conferences to which no objection was made but no compliance was forthcoming either. Again, the Tax Court sustained the Commissioner's position.

In each of the seven cases, the taxpayers finally obtained counsel and sought relief upon the grounds that they had been misled by their tax advisors and thought their cases had been appealed. The Commissioner argued that under section 7481 of the Internal Revenue Code of 1954 (1954 Code), decisions of the Tax Court were not subject to change unless there was proof of fraud on the court.

■ The argument of appellants that the judgments have become final unless there has been proof of fraud on the court and there was such fraud here, cannot be supported because there was not such fraud shown. The most that appellants have shown is that their two tax advisors, Watkins and Klee, who were neither lawyers nor accountants nor card-carrying practitioners before the Tax Court, misled them. That proves fraud practiced upon the taxpayers but not upon the Tax Court. *Toscano v. Commissioner*, 441 F.2d 930 (9th Cir. 1971); *see also Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 64 S.Ct. 997, 88 L.Ed. 1250 (1944) (fraud upon Court of Appeals).

■ Appellants next contend that even in absence of fraud on the court, the Tax Court has the power to grant relief on the basis of the All Writs Act, 28 U.S.C. § 1651(a).[1]

But the All Writs Act applies solely in aid of jurisdiction and does not confer jurisdiction. *Noyd v. Bond*, 395 U.S. 683, 695 n.7, 89 S.Ct. 1876, 23 L.Ed.2d 631 (1969). The taxpayers herein did not lack a source of jurisdiction. They were before the Tax Court from which their relief could be obtained if they or any of them could establish the rights asserted.

None of the taxpayers except Mahan filed an appeal from the decisions of the Tax Court within the 90-day period prescribed by section 7483 of the 1954 Code. Therefore, upon the expiration of those 90-day periods the Tax Court decisions became final under section 7481 of the Act. Mahan did file an appeal within the 90-day period. However, on November 25, 1974, this court ordered the appeal dismissed for lack of prosecution. Because no petition for a writ of certiorari under section 7481 was filed, the Tax Court decision became final 90 days after this court dismissed his appeal. Except for the appeal of Mahan, as to which this court lacks jurisdiction, the orders of judgments of the Tax Court should be

AFFIRMED.

APPENDIX

| Taxpayers | Taxable years | Deficiency | Additions to the tax under Section 6653 (a) of the 1954 Code | Additions to the tax under Section 6651(a) of the 1954 Code |
|---|---|---|---|---|
| Anderson | 1967 | $ 2,715.74 | $135.79 | |
| | 1968 | 4,199.97 | 209.98 | |
| | 1969 | 5,357.66 | 267.88 | |

1. The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

| Taxpayers | Taxable years | Deficiency | Additions to the tax under Section 6653 (a) of the 1954 Code | Additions to the tax under Section 6651(a) of the 1954 Code |
|---|---|---|---|---|
| Anderson | 1970 | $ 3,079.05 | $153.95 | |
| Mahan | 1968 | $ 2,414.06 | | |
| | 1969 | 2,893.38 | | |
| | 1970 | 3,155.94 | | |
| Riley | 1967 | $ 1,494.00 | $ 75.00 | |
| | 1968 | 7,367.00 | 542.00 | $1,582.00 |
| | 1969 | 5,725.00 | 286.00 | |
| J & M Waggoner | 1971 | $ 2,409.32 | | |
| | 1972 | 2,135.63 | | |
| E & M Waggoner | 1971 | $23,409.53 | | |
| | 1972 | 26,503.27 | | |
| Ford | 1969 | $43,085.26 | | |