BERT K. PULITZER AND CORINNE R. PULITZER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Pulitzer v. Commissioner
Docket No. 27236-83.
United States Tax Court
T.C. Memo 1987-408; 1987 Tax Ct. Memo LEXIS 405; 54 T.C.M. (CCH) 167; T.C.M. (RIA) 87408; August 24, 1987. Marc S. Orlofsky, for the petitioners. Joseph F. Maselli, for the respondent. TANNENWALD
MEMORANDUM OPINION TANNENWALD, Judge: This case is before us on petitioners' motion, pursuant to Rule 162, for leave to file a motion to vacate a decision of this Court entered on July 8, 1985 which became final on October 7, 1985 pursuant to section 7481. [1] Solely for the purposes of disposing of the motion, we assume that the factual statements set forth in the motion are true. The petition herein was filed on September 20, 1983 and signed by an attorney admitted to practice before this Court. The petition was directed to a deficiency determined *406 against petitioners by respondent in the amount of $ 81,601.23. On November 21, 1983, respondent filed an answer denying the allegations of the petition. On March 15, 1985, a notice of trial was issued and served upon petitioners' then counsel, calendaring the case for trial at a trial session of this Court on June 17, 1985. Accompanying the notice of trial was a copy of a communication to petitioners and counsel in cases calendared for trial. On May 6, 1985, respondent filed a motion for an order compelling petitioners to respond to respondent's request for the production of documents and a motion for an order compelling petitioners to respond to respondent's interrogatories to petitioners or impose sanctions. Both motions were served on petitioners' then counsel on May 8, 1985 with directions to file objections on or before May 21, 1985. Neither the Court nor respondent having received any communication from or on behalf of petitioners in response to said motions, the Court on June 3, 1985, issued an order, which was served on that day on petitioners' then counsel, directing petitioners on or before June 12, 1985, to answer respondents interrogatories and produce the requested *407 documents and calendaring both motions insofar as they sought sanctions for hearing at the trial session of the Court on June 17, 1985. Petitioners' then counsel did not communicate with respondent's counsel or otherwise comply with the directions contained in the Court's order. [2] On June 17, 1985, the case was called for hearing on the motions to impose sanctions. Neither petitioners nor their then counsel appeared at that hearing. At that time, respondent orally moved that the case be dismissed for failure properly to prosecute. The Court noted that the notice of trial stated that if petitioners failed to appear at the calendar call, the case might be dismissed and that the communication, which accompanied the notice of trial, set forth the responsibilities of petitioners to stipulate and otherwise prepare their case for trial. In early 1986, petitioners began receiving assessment notices from respondent. Petitioners sought to obtain information from heir counsel regarding *408 these notices and were told by such counsel that he was awaiting a trial date. This information was a continuation of representations by such counsel, during the period when respondent was seeking discovery and when the case was dismissed for failure properly to prosecute, that the case was being properly handled and would soon be on a trial calendar. Eventually, petitioners became concerned and retained new counsel. They sought the files of petitioners' then counsel in this case which, after a period of refusal to cooperate, he finally turned over in late 1986. The new counsel filed a Freedom of Information Act request with respondent in November, 1986 and the requested documents were received in mid-February, 1987. After reviewing these documents, a motion to set aside the Court's decision was submitted on March 18, 1987 by petitioners' new counsel, who entered his appearance on behalf of petitioners. After being advised by the Clerk of the Court that a motion for leave to file said motion to set aside was required, the motion now before us was filed on May 4, 1987. Petitioners recognize that, because *409 our decision has long since become final, our jurisdiction to vacate that decision is limited to situations where there is fraud on the Court. Senate Realty Corp. v. Commissioner,511 F.2d 929, 931 (2d Cir. 1975), affg. an unreported order of this Court; Kenner v. Commissioner,387 F.2d 689, 690-691 (7th Cir. 1968), affg. an unreported order of this Court; Hazim v. Commissioner,82 T.C. 471, 475 (1984). Petitioners assert, however, that the circumstances set forth in their motion show fraud on the Court because of the neglect of petitioners' then counsel and his continued misrepresentations to petitioners as to the status of the case. [3] We disagree.
The concept of "fraud on the Court" is a narrow one. Senate Realty v. Commissioner, supra at 932-933. See also Tocano v. Commissioner,441 F.2d 930, 934 (9th Cir. 1971), vacating *410 52 T.C. 295 (1969). We have described the term as follows in Abatti v. Commissioner,86 T.C. 1319, 1325 (1986):
Fraud on the court is "only that species of fraud which does, or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery can not perform in the usual manner its impartial task of adjud[g]ing cases that are presented for adjudication. Fraud, inter partes, without more, should not be a fraud upon the court." Toscano v. Commissioner,441 F.2d at 933, quoting 7 J. Moore, Federal Practice, par. 60.33 (2d ed. 1979). To prove such fraud, the petitioners must show that an intentional plan of deception designed to improperly influence the Court in its decision had such an effect on he Court. * * * The burden is on the moving party to establish such fraud by clear and convincing evidence. Krasch v. Commissioner,70 T.C. 623, 626 (1978). It is clear that gross neglect on the part of a taxpayer's counsel does not constitute fraud on the Court.
Kenner v. Commissioner, supra;[4]Universal Film Exchanges, Inc. v. Lust,479 F.2d 573 (4th Cir. 1973); *411 Schwarz v. United States,384 F.2d 833 (2d Cir. 1967). Cf. Link v. Wabash Railroad Co.,370 U.S. 626, 634 n. 10 (1962); Cine Forty-Second St. Theatre v. Allies Artists,602 F.2d 1062, 1067 (2d Cir. 1979); Urban Elec. Supply v. N.Y. Convention Ctr.,105 F.R.D. 92, 98 (E.D. N.Y. 1985). [5] The same is true with respect to the claimed misrepresentation to petitioners by their prior counsel as to status of the case. The hard fact is that petitioners' prior counsel neither did nor said anything vis-a-vis the Court other than to file the petition. Such being the case, the most that can be said of such misrepresentation (if true) is that it was a fraud on petitioners which is not the equivalent of fraud on the Court. Bulloch v. United States,721 F.2d 713, 718 (10th Cir. 1983); Anderson v. Commissioner,693 F.2d 844, 846, (9th Cir. 1979), affg. an unreported order of this Court; Toscano v. Commissioner, supra at 933. *412 The cases relied on by petitioners are not in point. Wilson v. Commissioner, 500 F.2d (2d Cir. 1974), revg. a Memorandum Opinion of this Court, involved a motion for leave to file a motion to vacate a decision that had not become final. The same is true of Chiquita Mining Co. v. Commissioner,148 F.2d 306 (9th Cir. 1945), affg. a Memorandum Opinion of this Court. [6]LaFloridienne J. Buttgenbach & Co. v. Commissioner,63 F.2d 630 (5th Cir. 1933), involved a joint petition to vacate and extraordinary circumstances; in any event, its continued vitality is open to serious question. See Toscano v. Commissioner, supra at 932; Monjar v. Commissioner,140 F.2d 263 (2d Cir. 1944), affg. an unreported order of this Court. [7]
*413 Petitioners' motion for leave to file a motion to vacate our decision entered on July 8, 1985 is denied. Senate Realty Corp. v. Commissioner, supra.
An appropriate order will be issued.
Footnotes
1. All section references are to the Internal Revenue Code, and all rule references are to Tax Court Rules of Practice and Procedure. ↩
2. Petitioners' then counsel also never responded to respondent's letters, dated October 9, 1984 seeking to arrange for a stipulation of facts conference and March 12, 1985 relating to discovery requests. ↩
3. We note that there is no question as to our jurisdiction over the case itself. See Brannon's of Shawnee, Inc. v. Commissioner,69 T.C. 999, 1002 (1978). See Bulloch v. United States,721 F.2d 713, 718↩ (10th Cir. 1983). 4. The Seventh Circuit Court of Appeals stated (387 F.2d at 692): The petition indicates that in Dr. Kenner's opinion several of his attorneys failed to represent his interests vigorously, and took steps which he feels were prejudicial to him. Here again he has failed to describe any fraud practiced upon the tax court. ↩
5. We repeat, see p. 2, supra,↩ that we are accepting petitioners; factual assertions as true solely for the purpose of disposing of the within motion. 6. Petitioners point to the following observation of the Ninth Circuit Court of Appeals: "Counsel in this case were neither unauthorized nor incompetent." 148 F.2d at 310↩. Based upon this unauthorized or incompetent counsel constitutes fraud on the Court. 7. If petitioners feel aggrieved, they may consider the possibility of bringing a suit for malpractice against their prior counsel. See Link v. Wabash Railroad Co.,370 U.S. 626 (1962); Universal Film Exchanges, Inc. v. Lust,479 F.2d 573, 577 (4th Cir. 1973); Schwarz v. United States,384 F.2d 833, 836↩, (2d Cir. 1967). The allegations of the petitioners may also indicate disciplinary action by the appropriate state authorities. See Rule 202.