WILLIAM R. CAMPBELL and LINDA E. CAMPBELL, Petitioners v. COMMISSIONER OR INTERNAL REVENUE, Respondent
Campbell v. Commissioner
Dockets Nos. 25364-85; 34128-85.[1]
United States Tax Court
T.C. Memo 1988-105; 1988 Tax Ct. Memo LEXIS 133; 55 T.C.M. (CCH) 367; T.C.M. (RIA) 88105; March 9, 1988. Darrell Rippy, for the petitioners. Patrick E. McGinnis, for the respondent. FAY
MEMORANDUM OPINION FAY, Judge: This matter is before the Court on respondent's motion to amend answer, petitioners' motion to dismiss for lack of jurisdiction, and petitioners' motion to shift the burden of going forward with the evidence to respondent, [2] all filed in docket No. 25364-85, and respondent's motion for leave to file motion to vacate in docket No. 34128-85. At the time of filing the petition herein, petitioners were residents of Barrington, Illinois. Petitioners filed a joint return for the 1981 taxable year. On April 15, 1985, the Laguna Niguel District Director of the Internal Revenue Service ("IRS") issued a notice of deficiency to petitioners for the 1981 taxable year determining a deficiency in the amount of $ 54,291 (the "first *135 notice"). The first notice contained the following statement: In order to protect the Government's interest and since your original tax return is unavailable at this time, the income tax is being assessed at the maximum rate of 70%.
The first notice disallowed a $ 55,651 loss from the Plantation Royal, LTD partnership. Petitioners' 1981 return reported $ 1,115 of income, no loss, from such partnership and claimed a $ 55,651 loss from the C-99, OTD partnership. On July 9, 1985, petitioners filed a petition with this Court instituting the case at docket No. 25364-85 (the "first case"). Attached to such petition, and referred to therein, was a copy of the first notice. On June 13, 1985, the Chicago District Director of the IRS issued a notice of deficiency to petitioners for the 1981 taxable year determining a deficiency in the amount of $ 18,754 (the "second notice"). On September 6, 1985, petitioners filed a petition with this Court instituting the case at docket No. 34128-85 (the "second case"). Attached to such petition, and referred to therein, was a copy of the second notice. Respondent filed a motion to dismiss the second case for lack of jurisdiction alleging that *136 the second notice was invalid pursuant to section 6212(c)(1). [3] Petitioner did not object to the granting of such motion and on January 14, 1986, the Court dismissed the second case for lack of jurisdiction. In the first case, respondent filed on July 6, 1987, a motion to amend answer and lodged an amended answer. The amended answer properly named the partnership from which petitioners claimed a $ 55,651 deduction and disallowed claimed losses not disallowed in the first notice. Petitioners filed on august 25, 1987, a motion to dismiss for lack of jurisdiction alleging that the first notice was invalid pursuant to Scar v. Commissioner,814 F.2d 1363 (9th Cir. 1987), revg. 81 T.C. 855 (1984). On August 25, 1987, petitioner also filed a motion to shift the burden of going forward. Respondent conceded at the hearing on these motions held on September 30, 1987, that the first notice was invalid pursuant to Scar v. *137 Commissioner, supra. During the hearing on September 30, 1987, respondent filed a motion for leave to file a motion to vacate the order of dismissal entered in the second case and lodged such motion to vacate. In Scar v. Commissioner, supra, the taxpayers were sent a notice of deficiency which disallowed deductions from a partnership with which the taxpayers had no connection and computed a tax due using the then highest marginal rate. The notice of deficiency contained the following statement: In order to protect the Government's interest and since your original income tax return is unavailable at this time, the income tax is being assessed at the maximum rate of 70%.
The Ninth Circuit, reversing this Court, held that the notice of deficiency was invalid because respondent failed to make a determination as required by section 6212(a). There are obvious similarities between the notice of dificiency at issue in Scar v. Commissioner, supra, and the first notice of issue herein. There are however, some dissimilarities between such notices. We need not decide whether the similarities so outweigh the dissimilarities as to require the application of Scar v. *138 Commissioner, supra, as respondent has conceded that the first notice is invalid pursuant to Scar v. Commissioner, supra. In accordance with respondent's concession, the first case will be dismissed for lack of jurisdiction. Petitioners' motion to shift the burden of going forward and respondent's motion to amend answer will be denied as moot. The only remaining motion is respondent's motion for leave to file motion to vacate the second case. On January 14, 1986, the Court entered a final order dismissing the second case pursuant to respondent's motion to dismiss. The basis of dismissal and respondent's motion to dismiss was section 6212(c) which prohibits respondent from issuing additional notices of deficiency where respondent has mailed to the taxpayer a notice of deficiency and the taxpayer timely petitions this Court. [4] At the time respondent moved to dismiss and the Court dismissed the second case, the first notice was presumed by the parties to be valid [5] and a timely petition had been filed instituting the first case. Section 6212(c) appeared to be applicable. *139 On April 14, 1987, after docket No. 34128-85 had been dismissed, the Ninth Circuit rendered its opinion in Scar v. Commissioner, supra, reversing this Court. The Ninth Circuit's opinion questioned the validity of the first notice and ultimately led to respondent's concession that the first notice was invalid. Respondent argues that since the first notice is invalid, the second notice was not a prohibited additional notice pursuant to section 6212(c). Accordingly, respondent concludes that the second notice is not invalid, the second case should not have been dismissed, and the order dismissing the second case should be vacated. Pursuant to Rule 162, a motion to vacate a decision must be filed within 30 days after the decision has been entered. Respondent's motion to vacate is not timely, has not been filed, but has been lodged. Respondent has accordingly filed a motion for leave to file the motion to vacate. To determine whether to grant or deny a motion for leave to file a motion to vacate, *140 the Court looks through such motion to the motion to vacate to determine whether a prima facie case in favor of granting the motion to vacate has been established. See Toscano v. Commissioner,52 T.C. 295, 296 (1969), revd. on another issue 441 F.2d 930 (9th Cir. 1971); [6]Senate Realty Corp. v. Commissioner,522 F.2d 929 (2nd Cir. 1975). [7] Where a prime face case has been established, the motion for leave to file the motion to vacate will be granted. Toscano v. Commissioner,441 F.2d 930, 937 (9th Cir. 1971), revg. 52 T.C. 295 (1969). We will accordingly look to the motion to vacate to determine whether a prime facie case in favor of granting such motion has been established. A decision of this Court becomes *141 final, in the absence of a timely filed notice of appeal, 90 days after it is entered. Sec. 7481; sec. 7483. This Court may vacate a final decision where there has been fraud on the Court, Toscano v. Commissioner,441 F.2d at 932-933, where the Court lacked jurisdiction when it entered the decision, Brannon's of Shawnee, Inc. v. Commissioners,69 T.C. 999, 1002 (1978), and where the decision was based on mutual mistake, Reo Motors v. Commissioner,219 F.2d 610 (6th Cir. 1955). See Abatti v. Commissioner,86 T.C. 1319, 1323 (1986). Respondent does not argue that the decision entered in the second case was entered as a result of a fraud on the Court, at a time when the Court lacked jurisdiction, or pursuant to mutual mistake. Rather, respondent, relying on Wilson v. Commissioner,500 F.2d 645 (2nd Cir. 1974), revg. a Memorandum Sur Order of this Court, argues that the Court may vacate a final decision "to consider the relevance of a new issue." Respondent's reliance on Wilson v. Commissioner, supra, is misplaced. The motion to vacate in Wilson v. Commissioner, supra, *142 was filed when the decision was not final. See Wilson v. Commissioner, supra at 648, n.2; sec. 7481; sec. 7483. Further, the Tax Court granted the taxpayer's motion for special leave to file the motion to vacate. Having granted the motion for leave, the Second Circuit held that the Tax Court was required to consider the motion to vacate as if it had been timely filed. SWilson v. Commissioner, supra at 648. Accordingly, the standard of review announced in Wilson v. Commissioner, supra, was for timely filed motions to vacate non-final decisions. This standard is not applicable to untimely filed motions to vacate final decisions. Though respondent did not argue any other basis for vacating the final order of dismissal in the second case, we note that the record does not indicate that fraud on the Court existed, that the decision was entered when the Court lacked jurisdiction, or that mutual mistake occurred. See Toscano v. Commissioner,441 F.2d at 930; Brannon's of Shawnee, Inc. v. Commissioner, supra; and Reo Motors, Inc. v. Commissioner, supra.Accordingly, we will deny respondent's *143 motion for leave to file motion to vacate. Respondent's final contention in this matter is that the Court should predicate jurisdiction in the first case based on the second notice. Respondent correctly points out that the first case was instituted after the second notice had been sent. [8] The only authority respondent cites in support of this contention is Cole v. Commissioner,30 T.C. 665 (1958), affd. 272 F.2d 13 (2nd Cir. 1959). In Cole v. Commissioner, supra, respondent, on April 28, 1952, sent to the taxpayer a notice of deficiency dated April 28, 1952. The envelope in which the notice was sent did not contain the taxpayer's correct name or last known address. The taxpayer never received the notice which was returned to respondent. On June 3, 1952, respondent sent the april 28, 1952, notice to the taxpayer in an envelope which contained the taxpayer's correct name and last known address. The taxpayer received the notice, and on august 8, 1952, filed a petition. The taxpayer moved to have the case dismissed arguing *144 that the petition was not timely. The petition was filed more than 90 days after the notice was sent the first time but within 90 days after the notice was sent the second time. The Court denied the taxpayer's motion to dismiss holding that the first notice was invalid because incorrectly sent, the second notice was valid, and the 90-day period commenced upon the sending of a valid notice, regardless of the date of the notice. Cole v. Commissioner, supra, though in some ways similar to the case sub judice, is not here controlling. In Cole v. Commissioner, supra, the only case instituted was based on the only notice received. There is nothing in Cole v. Commissioner, supra, to suggest predication of jurisdiction in a case on the basis of a notice of deficiency other than a the notice of deficiency referred to and attached to the petition. Here the first case was based on the first notice and the second case was based on the second notice. We have discovered no authority or compelling reason to indicate that we can or should adopt respondent's argument to criss-cross the notices and petitions to find jurisdiction. Respondent *145 has unwittingly shot off his foot and is asking us to glue it back. This we cannot do. To reflect the foregoing, An appropriate order will be entered.
Footnotes
1. The Court, of its own volition, has consolidated these two cases for disposition. ↩
2. The motion filed by petitioners was entitled "Petitioners' Motion to Assign Burden of Proof." The motion will be treated as a motion to shift the burden of going forward with the evidence to respondent. See Kluger v. Commissioner,83 T.C. 309, 310↩ n.1 (1984). 3. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the taxable year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. ↩
4. Section 6212(c) provides in relevant part: (1) General Rule. -- If the Secretary has mailed to the taxpayer a notice of deficiency as provided in subsection (a), and the taxpayer files a petition with the Tax Court within the time prescribed in section 6213(a)↩, the Secretary shall have no right to determine any additional deficiency of income tax for the same taxable year * * *. 5. The presumption of validity arose in part from the Tax Court's opinion in Scar v. Commissioner,81 T.C. 855 (1983), revd. 814 F.2d 1363 (9th Cir. 1987), which opinion then had not yet been reversed. We express no opinion as to whether 6212(c)(1) was an appropriate basis for dismissal. See Commissioner v. Wilson,60 F.2d 501 (10th Cir. 1932), and McCue v. Commissioner,1 T.C. 986↩ (1943). 6. The Ninth Circuit reversed the Tax Court, not because the Tax Court evaluated the lodged motion to vacate, but because of the Tax Court's conclusion to deny the motion for leave to file the motion to vacate.↩
7. See also Pulitzer v. Commissioner,T.C. Memo. 1987-408↩. 8. The first case was instituted on July 9, 1985. The second notice was sent on June 13, 1985. ↩