WEN Y. CHAO AND CHING J. CHAO, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 2292-83.     Filed May 24, 1989.

*William M. Poindexter,* for the petitioners.
*John Kent,* for the respondent.

### OPINION

COHEN, *Judge:* Petitioners seek an order vacating our order and decision entered August 23, 1985, in accordance with our Memorandum Opinion filed August 22, 1985, as T.C. Memo. 1985-444. They allege fraud on the Court as a basis for setting aside that decision, which is otherwise final. See *Abatti v. Commissioner,* 859 F.2d 115 (9th Cir. 1988), affg. 86 T.C. 1319 (1986); *Billingsley v. Commis-*

*sioner,* 868 F.2d 1081 (9th Cir. 1989), revg. an order of this Court; *Toscano v. Commissioner,* 441 F.2d 930, 933 (9th Cir. 1971), vacating and remanding 52 T.C. 295 (1969).

In that prior Memorandum Opinion, we granted respondent's motion for summary judgment and sustained the deficiency determined by respondent with respect to petitioners' interest in a real estate limited partnership promoted by Cal-Am Corp. (Cal-Am) and its president, Joseph R. Laird, Jr. (Laird). The motion was based on facts deemed admitted by petitioners' failure to respond to a request for admissions served by respondent, which facts established that this case was indistinguishable from that decided against the taxpayers in *Beck v. Commissioner,* 74 T.C. 1534 (1980), affd. 678 F.2d 818 (9th Cir. 1982).

At the time of respondent's motion and our decision, petitioners were represented by John Patrick Kelly (Kelly), who had represented numerous investors in Cal-Am and other Laird promotions. In our Memorandum Opinion, we quoted at length statements made by Kelly about his communications with petitioners. After ruling that respondent's motion for summary judgment would be granted, we addressed respondent's contemporaneous motion for damages under section 6673, I.R.C., as amended, as follows:

> Moreover, based on Kelly's statements and petitioners' nonaction in this case, we find that this proceeding was instituted and maintained primarily for delay in the hopes of obtaining a settlement not based on the merits, but on the necessity of litigating the case. Petitioners' positions were groundless because, as admitted by petitioners, the same issues were decided in respondent's favor in *Beck v. Commissioner, supra,* involving substantially the same facts. Petitioners made no attempt to factually or legally distinguish their case from *Beck v. Commissioner, supra.* They conceded the full amount of the deficiency only after respondent prepared the request for admissions and the motions for summary judgment and for damages and the Court set the motions for hearing. Hearing of the motions, and this opinion, required the Court to act in a case that petitioners never intended properly to prosecute. Accordingly, we award damages to the United States in the amount of $5,000. See *Oneal v. Commissioner,* 84 T.C. 1235 (1985). [50 T.C.M. 895 at 898, 54 P-H Memo par. 85,444 at 85-2004.]

Although we there referred to Kelly's statements concerning petitioners' intentions as a reason for our award of

damages, it is apparent that damages were also awarded because petitioners' position was groundless.

Petitioners now contend that Kelly's statements referred to in our Memorandum Opinion were false in that, contrary to his representations to the Court, Kelly had not communicated with petitioners, sent to petitioners respondent's request for admissions, or notified petitioners of the pendency of respondent's motions. Moreover, according to petitioners, Kelly had ignored their instruction to settle the case without trial. Petitioners contend that they would have been allowed a deduction for $12,000 invested in the limited partnership and that damages would not have been awarded if the Court had been truthfully advised by Kelly of petitioners' position.

Petitioners assert that they invested with Cal-Am in 1974 based on representations that for an investment of $10,000, they would be able to take a deduction from their taxes of 4 times that amount and that Cal-Am and Laird would defend attacks by the Internal Revenue Service on their deductions. They ask the Court to take judicial notice of not less than 10 cases in which (i) Kelly represented taxpayers in Cal-Am- and Laird-sponsored tax shelters, (ii) the taxpayers lost, and (iii) the Court indicated that the facts were nearly identical to those in a previous decision of the Tax Court: *Roth v. Commissioner*, T.C. Memo. 1986-20; *Miyagawa v. Commissioner*, 1986-19; *Tarke v. Commissioner*, T.C. Memo. 1985-448; *Chao v. Commissioner*, T.C. Memo. 1985-444; *Kaji v. Commissioner*, T.C. Memo. 1984-341; *King v. Commissioner*, T.C. Memo. 1985-340; *Rosebrough v. Commissioner*, T.C. Memo. 1985-339; *Nichols v. Commissioner*, T.C. Memo. 1985-338; *Hawley v. Commissioner*, T.C. Memo. 1988-77; *Lui v. Commissioner*, T.C. Memo. 1985-374. In the first 8 of the 10 cases cited by petitioners, damages were awarded to the United States and against the taxpayers under section 6673. Kelly was subsequently disbarred by the State Bar of California and by this Court on other grounds. *Kelly v. State Bar of California*, 45 Cal. 3d 649 (1988). Petitioners allege that Kelly had a conflict of interest in that his true purpose in these proceedings was to postpone the claims that might be made against Laird by investors such as

petitioners. Thus, petitioners contend that they are innocent victims of Kelly's fraud.

Respondent does not dispute the falsity of Kelly's statements. He contends that the case was decided on the merits and that the same result would be reached regardless of any misrepresentations by Kelly. Respondent points out that, based on petitioners' own statements, they hired Kelly to pursue a better settlement of this case after the original counsel (provided by Laird) advised them of the futility of pursuing this case. Respondent argues that petitioners had their day in Court and could not receive a better result even if our decision were set aside.

We agree with respondent. That petitioners were misled or defrauded by Kelly would not justify setting aside the decision. *Anderson v. Commissioner*, 693 F.2d 844 (9th Cir. 1979); *Toscano v. Commissioner*, 441 F.2d at 933; *Heim v. Commissioner*, 872 F.2d 245 (8th Cir. 1989), affg. an order of this Court; *Pulitzer v. Commissioner*, T.C. Memo. 1987-408. Petitioners were aware of Kelly's relationship with Laird and of prior adverse rulings of this Court when they hired Kelly to represent them. They cannot avoid the consequences of that action. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633-634 (1962); *Adams v. Commissioner*, 85 T.C. 359, 369-376 (1985).

Although petitioners did not intend to prosecute the case to trial, they hired Kelly for the purpose of pursuing the proceeding on groundless claims. We reject completely their present claim that, absent Kelly's misstatements, the Court would have allowed a deduction of their cash investment in the year that it was made. See, e.g., *Marine v. Commissioner*, 92 T.C. 958 (May 11, 1989); *Viehweg v. Commissioner*, 90 T.C. 1248, 1253-1255 (1988); *Adelberg v. Commissioner*, T.C. Memo. 1985-597, affd. without published opinion 811 F.2d 1507 (9th Cir. 1987) (involving another Laird promotion). Although they complain that Kelly did not advise them of respondent's request for admissions, they do not suggest that the facts deemed admitted were not accurate. They give us no reason to conclude that a different decision might result if our 1985 decision were vacated. As is apparent from the other cases that they cite to show Kelly's sorry record, comparable decisions have

been entered regardless of statements by Kelly to the Court. Vacating that decision now would be an unreasonable and unfair imposition on respondent, on the Court, and on other taxpayers awaiting adjudication of meritorious claims. Cf. *Brooks v. Commissioner*, 82 T.C. 413, 429-430 (1984), affd. without published opinion 772 F.2d 910 (9th Cir. 1985).

Finally, it is apparent from petitioners' filings that they waited approximately 2 years from the time they discovered that the decision had been entered against them until the time they brought the present motion through new counsel. They explain that during the interim, they were attempting to negotiate a compromise with the Internal Revenue Service. Thus, these post-decision proceedings could be interpreted as merely a continuation of their attempts to delay or discount their tax liabilities. Cf. *Montgomery v. Commissioner*, 367 F.2d 917, 920 (9th Cir. 1966). As we stated in *Oneal v. Commissioner*, 84 T.C. at 1243:

> It is apparent from the facts of this case that petitioners were involved in an abusive tax shelter. Essentially, petitioners have claimed 4-to-1 "leveraged" deductions * * * . This is tantamount to purchasing a $4 tax deduction with every dollar paid to a promoter who provides a facade of a legitimate enterprise in an attempt to satisfy the form of the transaction. This type of arrangement frustrates the congressional purpose inherent in the deductions that we here disallow to petitioners. In spite of numerous Court opinions squarely on point, petitioners have forced an already overburdened Court and tax system to unnecessarily consume precious resources. Petitioners, and others who participate in specious tax strategems, must accept the consequences of their actions.

After quoting from the legislative history of section 6673, we concluded in *Oneal* that an award of damages was appropriate. We can justify no other result in this case, and no purpose would be served in vacating our prior decision.

*Petitioners' motion will be denied.*