LARRY D. SPIELBERGER AND MARSHA SPIELBERGER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Spielberger v. Commissioner
Docket No. 1342-80
United States Tax Court
T.C. Memo 1989-444; 1989 Tax Ct. Memo LEXIS 444; 57 T.C.M. (CCH) 1372; T.C.M. (RIA) 89444; August 21, 1989
Douglas R. Thompson, for the petitioners. Roslyn D. Grand, for the respondent. SCOTT MEMORANDUM FINDINGS OF FACT AND OPINION SCOTT, Judge: This case was heard by Special Trial Judge Peter J. Panuthos pursuant to the provisions of section 7443A of the Code. [1] The Court agrees with and adopts the Special Trial Judge's opinion, which is set *445 forth below. OPINION OF THE SPECIAL TRIAL JUDGE PANUTHOS, Special Trial Judge: This matter is before the Court on petitioner Marsha Spielberger's motion for leave to file motion out of time to vacate and motion to vacate a decision of this Court entered on October 25, 1983. A notice of deficiency was issued to petitioners on October 26, 1979, determining deficiencies for the taxable years 1971 and 1973 in the amounts of $ 3,209 and $ 63,581, respectively. The decision was entered by the Court pursuant to the agreement of the parties who stipulated deficiencies for the taxable years 1971 and 1973 in the amounts of $ 2,533 and $ 61,313. The issue to be decided is whether the decision should be vacated on the ground that it resulted from perpetration of fraud on the Court. FINDINGS OF FACT Petitioners herein are Larry D. Spielberger and Marsha Spielberger (now Marsha Goldstein by subsequent marriage). For convenience, we will refer *446 to petitioner Marsha Spielberger as petitioner or petitioner Goldstein. Petitioners were married in 1961. In September 1975 petitioners separated and a final decree of divorce was entered in February 1976. Petitioners filed their joint Federal income tax return for the taxable year 1973 with the Internal Revenue Service Center in Atlanta, Georgia. After their separation in 1975, petitioner Goldstein no longer resided at the address shown on the 1973 joint Federal income tax return. In March 1976, petitioners signed a power of attorney (Form 2848) authorizing Karl W. Windhorst to represent them with respect to income taxes for the years 1972, 1973, 1974, and 1975. A consent fixing the period of limitation for the taxable year 1973 was executed on behalf of the Internal Revenue Service on February 16, 1977. The consent (Form 872) purported to extend the period of limitations to April 15, 1978. The consent is signed by Larry D. Spielberger and dated January 4, 1977. While the consent reflects a signature purporting to be Marsha Spielberger's, she alleges that she did not sign the consent. Respondent does not appear to dispute this allegation. An additional consent (Form 872) *447 extending the period of limitations to December 31, 1978, (taxable years ended 1973 and 1974) was executed by Mr. Windhorst on February 11, 1978, and by an agent on behalf of respondent on February 14, 1978. [2]
On October 26, 1979, respondent mailed a notice of deficiency to petitioners for the taxable years 1971 and 1973. On January 28, 1980, a timely petition [3] was filed by attorney Karl W. Windhorst as attorney for petitioners. By letter dated October 7, 1983, attorney Windhorst notified petitioners that he had executed a decision document on behalf of petitioners in this case. The letter was addressed to District Counsel, Internal Revenue Service. The letter reflects copies sent as follows: cc: Larry D. Spielberger *448 Marsha Goldstein (formerly Spielberger) Donald Minsk, C.P.A. for Marsha Goldstein Petitioner received a copy of the October 7, 1983, letter soon after it was sent. On October 25, 1983, the Tax Court entered a decision pursuant to the agreement of the parties. Attorney Windhorst died sometime subsequent to the entry of decision. In December 1986 petitioner received a notice of levy with respect to the 1973 tax liability. Petitioner argues that the decision entered on October 25, 1983, was based on a fraud upon the Court. Petitioner suggests that the notice of deficiency was not properly sent to her last known address and that she was unaware of the proceeding in this Court. Petitioner claims that the petition and settlement document were filed without her *449 authorization. Petitioner further argues that the consent to extend the period of limitations (Form 872) was not executed by her and, therefore, the period of limitations expired with respect to the taxable year 1973 prior to issuance of the notice of deficiency. Petitioner further claims that she is an innocent spouse within the meaning of section 6013(e) and that she never had an opportunity to claim this defense in this proceeding. OPINION Petitioner makes no contention other than that there was a fraud on the Court and recognizes that, since the decision in this case became final upon expiration of the time allowed for filing a notice of appeal, she must establish that a fraud on the Court exists. Senate Realty Corp. v. Commissioner, 511 F.2d 929, 931 (2d Cir. 1975), affg. an order of this Court; Kenner v. Commissioner, 387 F.2d 689, 690-691 (7th Cir. 1968), affg. an order of this Court; Hazim v. Commissioner, 82 T.C. 471, 475 (1984). We defined the term "fraud on the Court" in Abatti v. Commissioner, 86 T.C. 1319, 1325 (1986), affd. 859 F.2d 115 (9th Cir. 1988), as follows: *450 Fraud on the court is "only that species of fraud which does, or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery can not perform in the usual manner its impartial task of adjud[g]ing cases that are presented for adjudication. Fraud, inter partes, without more, should not be a fraud upon the court." Toscano v. Commissioner, 441 F.2d at 933, quoting 7 J. Moore, Federal Practice, par. 60.33 (2d ed. 1970). To prove such fraud, the petitioners must show that an intentional plan of deception designed to improperly influence the Court in its decision has had such an effect on the Court. * * * The burden is on the moving party to establish such fraud by clear and convincing evidence. Kraasch v. Commissioner, 70 T.C. 623, 626 (1978). [4] Gross neglect on the part of the taxpayer's counsel does not constitute fraud on the Court. Kenner v. Commission, supra ; Universal Film Exchange, Inc. v. Lust, 479 F.2d 573 (4th Cir. 1973); Schwarz v. United States, 384 F.2d 833 (2d Cir. 1967). *451 Petitioner does not deny that she signed a power of attorney (Form 2848) providing for Mr. Windhorst to represent her with respect to the tax years 1972 through 1975. According to the power of attorney, Mr. Windhorst had the power to, among other things, execute waivers, consents, and closing agreements. He could also delegate authority or substitute another representative. The power of attorney also provided that copies of all written communications be forwarded to Mr. Windhorst. Apparently the petition was filed in response to a copy of the notice of deficiency forwarded to Mr. Windhorst. We note that the power of attorney was executed after petitioner was separated and divorced from Larry D. Spielberger. While the record does not reflect whether a separate notice of deficiency was sent to petitioner at the address on the power of attorney, any defect in the mailing of the notice would be cured by the filing of a timely petition on her behalf by her representative. Frieling v. Commissioner, 81 T.C. 42, 53 (1983). Additionally, such issue was not raised by petitioner until *452 the filing of this motion. While it is possible there may have been a fraud on petitioner, it is not the equivalent of a fraud on the Court. Bulloch v. United States, 721 F.2d 713, 718 (10th Cir. 1983); Anderson v. Commissioner, 693 F.2d 844, 846 (9th Cir. 1979), affg. an order of this Court; Toscano v. Commissioner, 441 F.2d 930, 934 (9th Cir. 1971), vacating 52 T. C. 295 (1969). Petitioner argues that the notice of deficiency is time barred because it was issued after the period of limitations for assessment had expired. Petitioner relies on her claim that she did not sign the consent. Petitioner's argument, however, does not go to the question of the jurisdiction of this Court. Rather, her contention is an affirmative defense which goes to the merits of the case. Such a defense must be specifically pleaded. Rule 39. The failure to plead such defense in the previous proceedings constitutes a waiver of such defense. See Shopsin v. Commissioner, T.C. Memo. 1984-151, affirmed without published opinion *453 751 F.2d 371 (2d Cir. 1984). In Shopsin, the taxpayers moved to vacate a stipulated decision executed by them and respondent. They argued that the Tax Court had no jurisdiction to enter the stipulated decision because the filing of a petition on their behalf by their accountant was unauthorized. They also contended that the period of limitations had expired prior to the date the notice of deficiency was mailed. The Court denied the motion to vacate, finding that the accountant filed the petition on behalf of the taxpayers as their authorized agent. The Court refused to consider the statute of limitations defense, noting that it was not raised until after the entry of the stipulated decision. Citing Rule 39, the Court pointed out that the statute of limitations defense should have been raised in the taxpayers' pleadings. For the same reason, petitioner's statute of limitations argument fails here. As pointed out by respondent's counsel, petitioner was informed on or about October 7, 1983, that a decision would be entered. The decision was entered on October 25, 1983. Petitioner had ample opportunity to take steps to protect her rights. Petitioner's failure *454 to timely act resulted in a ratification of the actions taken by her representative. Kraasch v. Commissioner, supra.Petitioner alleges that she only became aware of the deficiency for the taxable year 1973 in 1986, when she received a notice of intention to levy. She admits, however, that she received the October 7, 1983, letter from attorney Windhorst with respect to the execution of the decision document. Additionally, even if petitioner had not received said letter, she fails to explain why she waited from December 1986 (the date she learned of the notice of levy) until December 1988 to file her motion to vacate. Petitioner has failed to establish that there was a "fraud on the Court" and, accordingly, her motion for leave to file motion out of time to vacate is denied. Based on this finding, we need not consider the arguments made by petitioner with respect to her entitlement to innocent spouse status under section 6013(e). An order denying petitioner's motion for leave to file motion out of time to vacate will be issued. Footnotes
1. This case was assigned pursuant to sec. 7443A and Rule 180. All section references are to the Internal Revenue Code as in effect for the tax years at issue and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. The record does not reveal if any consents were executed for 1971 or if any further consents were executed for 1973. It does not appear that petitioner Goldstein argues that the period of limitations was not further extended, but rather that the original extension is invalid as to her income tax liability since it was not signed by her. Accordingly, she argues that any further extensions would be invalid with respect to her income tax liability.↩
3. The 90th day after issuance of the notice of deficiency was Thursday, Jan. 24, 1980. The date next to the signature on the petition is Jan. 24, 1980. The record does not reflect the date of mailing of the petition since portions of the file were routinely destroyed by the Court after the decision became final. None of the parties have raised any question as to timeliness of the petition. See sec. 7502.↩
4. Pulitzer v. Commissioner, T.C. Memo. 1987-408↩.