972 F.2d 1341
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Marcia NEAL, Petitioner,
v.
COMMISSIONER INTERNAL REVENUE SERVICE, Respondent.
 Nos. 91-70341, 91-70465.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 29, 1992.*
Decided Aug. 10, 1992.
 
 Before TANG, BEEZER and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Marcia J. Neal appeals the tax court's denial of her motion to vacate two decisions entered against her and her former husband in 1985. Neal contends primarily that the tax court judgment should be vacated because, as an innocent spouse, she should not be held liable for her husband's tax deficiencies. We review for an abuse of discretion, Abatti v. Commissioner, 859 F.2d 115, 117 (9th Cir.1988), and we affirm.
 
 
 3
 Tax court decisions become final according to detailed rules set forth at 26 U.S.C. § 7481. A decision may become final by "expiration of the time allowed for filing a notice of appeal, if no such notice has been duly filed within such time." 26 U.S.C. § 7481(a)(1); Abatti, 859 F.2d at 117. The notice of appeal from a tax court decision must be filed within 90 days after the decision is entered. 26 U.S.C. § 7483.
 
 
 4
 Generally the tax court "lacks jurisdiction to vacate a decision once it becomes final." Abatti, 859 F.2d at 117; Lasky v. Commissioner, 235 F.2d 97, 99-100 (9th Cir.1956), aff'd, 352 U.S. 1027 (1957). The exception to this rule occurs when the decision was obtained by fraud on the court. Toscano v. Commissioner, 441 F.2d 930, 935 (9th Cir.1971). "Fraud on the court must involve 'an unconscionable plan or scheme which is designed to improperly influence the court in its decision.' " Abatti, 859 F.2d at 118 (quoting Toscano, 441 F.2d at 934). The burden is on the moving party to establish fraud by clear and convincing evidence. England v. Doyle, 281 F.2d 304, 309-310 (9th Cir.1960). Moreover, we have recognized that the phrase "fraud on the court" must be read narrowly in the interest of preserving the finality of judgments. Toscano, 441 F.2d at 934.
 
 
 5
 Here, Neal contends that she (1) was unaware of her and her husband's tax liabilities at the time the deficiencies were served; (2) signed the couple's joint tax returns under duress from her husband; (3) never received notice of the tax deficiencies; and (4) never authorized her representing attorney to act on her behalf in tax court. She also alleges that the applicable statute of limitations had run prior to the IRS issuing a notice of deficiency and that the IRS was not prejudiced by her delay in bringing this action five years after the tax court entered its judgment.
 
 
 6
 Most of these allegations, however, relate to the merits of the tax dispute, rather than to the question of whether the proceedings constituted fraud upon the court. Neal has failed to demonstrate evidence of an unconscionable plan or scheme designed to improperly influence the court in reaching its decision. See Abatti 859 F.2d at 118; see also Anderson v. Commissioner, 693 F.2d 844, 846 (9th Cir.1979) (relief from tax court judgment could not be obtained on the theory that taxpayers had been misled by their tax advisors; such showing indicated, at most, fraud on taxpayers, not fraud on the court).
 
 
 7
 Neal attempts to cite Toscano for the proposition that the deficiency against her should be set aside because her husband procured her signature on the tax returns by duress. In Toscano, we held that "if a husband procures his wife's signature in a joint return by duress, this is a fraud upon the wife, and warrants setting aside a deficiency assessed against her." 441 F.2d at 935. There, we vacated the decision of the tax court after the taxpayer submitted considerable documentary evidence supporting her allegation that she was never legally married and that therefore there was never any right to file a joint tax return for the purpose of reducing the couple's taxes. Id. at 931.
 
 
 8
 Here, Neal does not dispute the legality of her marriage. Nor does she submit any documentary material to demonstrate by clear and convincing evidence that her signature on the joint tax returns was the result of duress or brutality. See Doyle, 281 F.2d at 309-10. Under these circumstances, the tax court did not abuse its discretion by denying Neal's request to vacate its previous judgments against her. See Abatti, 859 F.2d at 117.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3