T.C. Memo. 1997-263

UNITED STATES TAX COURT

PETER M. SCHAEFFER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8909-95.                    Filed June 12, 1997.

Peter M. Schaeffer, pro se

<u>Lisa Primavera</u>, for respondent.

MEMORANDUM OPINION

DAWSON, <u>Judge</u>:  This case was assigned to Special Trial
Judge Larry L. Nameroff pursuant to section 7443A(b)and Rules

180, 181 and 183.[1]  The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below.

OPINION OF THE SPECIAL TRIAL JUDGE

NAMEROFF, Special Trial Judge:  This case is before us on petitioner's motion filed December 16, 1996, for leave to file a motion to vacate decision out of time (the Motion for Leave).

On March 24, 1995, respondent issued a notice of deficiency to petitioner which determined a deficiency and an accuracy-related penalty under section 6662(a) in regard to petitioner's 1991 Federal income tax.  Petitioner resided in Palm Springs, California, at the time of filing his petition in this Court.  On April 17, 1996, a decision in this case was entered by this Court "pursuant to the agreement of the parties" providing for a deficiency in income tax in the amount of $13,776 and a section 6662(a) penalty of $2,755.  Petitioner was not represented by counsel at that time,[2] negotiated the settlement on his own behalf, and signed the stipulation portion of the Decision document.  Petitioner now seeks leave to vacate that decision because he was allegedly not aware that interest would accrue on

---

[1]  All section references are to the Internal Revenue Code in effect for the year in issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

[2]  When the Motion for Leave was filed, petitioner was represented by Howard C. Kochman.  Mr. Kochman and petitioner filed a Motion to Withdraw Mr. Kochman as counsel on March 11, 1997, which was granted by the Court.

the deficiency from the due date of his return until the deficiency is paid.

Summary of Facts

The notice of deficiency dated March 24, 1995, inter alia, advised petitioner that if he decided not to file a petition with this Court, he should sign an enclosed waiver form, which would "permit us to assess the deficiency quickly and limit the accumulation of interest." (Emphasis added.) The attached waiver form provided, in part, "I consent to the immediate assessment and collection of the deficiencies (increase in tax and penalties) shown above, plus any interest." (Emphasis added.) The form also provided: "If you consent to the assessment of the deficiencies shown in this waiver, please sign and return this form to limit the interest charge". (Emphasis added.) The form entitled "Income Tax Examination Changes", which lists the adjustments made by respondent, reflects a computation of interest "to 01/04/95" in the amount of $3,954. Schedule 5 of the notice of deficiency provides the details of that interest computation. Petitioner did not sign the waiver form. Finally, the Decision document signed by petitioner provides:

> It is further stipulated that, effective upon the entry of this decision by the Court, petitioner waives the restriction contained in I.R.C. section 6213(a) prohibiting assessment and collection of the deficiency and additions to tax (plus statutory interest) until the decision of the Tax Court has become final. [Emphasis added.]

Notwithstanding the above, petitioner maintains that he believed his settlement included a settlement of interest and, therefore, the decision entered by the Court was the result of fraud upon the Court. After a hearing on this matter, the parties were ordered to file briefs seriatim, with petitioner filing the initial brief on April 16, 1997, and respondent to file an answering brief 30 days thereafter. Petitioner has not filed his opening brief nor any explanation for such failure. Although we could deny his motion on the ground that he has abandoned his contentions, we will consider his motion on its merits.

Discussion

The date of a decision of this Court is the date an order specifying the amount of the deficiency is "entered" in the records of the Tax Court, which, in this case, was April 17, 1996. A decision of this Court becomes final upon expiration of the time to file a notice of appeal if no notice of appeal is filed. Sec. 7481(a)(1). Generally, a notice of appeal must be filed within 90 days after the decision is entered by this Court. Sec. 7483; Fed. R. App. P. 13(a). A motion to vacate or revise a decision must be filed within 30 days after the decision is entered unless the Court "shall otherwise permit". Rule 162. A motion to vacate a decision, filed more than 30 days after entry of the decision, may be filed only by leave of the Court, usually by the granting of a motion for leave to file an untimely motion

to vacate.  The granting of such a motion for leave to file a motion to vacate, or the granting of a timely motion to vacate, lies within the sound discretion of this Court.  Heim v. Commissioner, 872 F.2d 245, 246 (8th Cir. 1989), affg. T.C. Memo. 1987-1; Lentin v. Commissioner, 237 F.2d 5, 6 (7th Cir. 1956). If a motion to vacate has been timely filed, the running of the 90-day period for filing an appeal is stopped and commences again, in full, after the motion is adjudicated.  Fed. R. App. P. 13(a).

Once a decision becomes final, this Court may vacate it only in narrowly circumscribed situations.  Helvering v. Northern Coal Co., 293 U.S. 191, 193 (1934).  The Court may vacate a final decision if that decision is shown to be void, or a legal nullity, for lack of jurisdiction over the subject matter or a party.  Billingsley v. Commissioner, 868 F.2d 1081 (9th Cir. 1989); Abeles v. Commissioner, 90 T.C. 103, 105-106 (1988); Brannon's of Shawnee, Inc. v. Commissioner, 71 T.C. 108, 111-112 (1978).  The Court may vacate a final decision if there has been a fraud on the Court.  Abatti v. Commissioner, 859 F.2d 115 (9th Cir. 1988), affg. 86 T.C. 1319 (1986); Senate Realty Corp. v. Commissioner, 511 F.2d 929, 931 (2d Cir. 1975); Stickler v. Commissioner, 464 F.2d 368, 370 (3d Cir. 1972).

The decision in this case was entered pursuant to a stipulated settlement.  No trial was held, no evidence was

adduced, no stipulations were filed in the record, and no factual or legal bases upon which the deficiency was settled were recited in the stipulated decision. The compromise and settlement of tax cases is governed by general principles of contract law. Robbins Tire & Rubber Co. v. Commissioner, 52 T.C. 420, 435-436 (1969); Brink v. Commissioner, 39 T.C. 602, 606 (1962), affd. 328 F.2d 622 (6th Cir. 1964). Where a decision is entered pursuant to a stipulated settlement, the parties normally are held to their agreement without regard to whether the decision is correct on the merits. Stamm International Corp. v. Commissioner, 90 T.C. 315, 321-322 (1988); Spector v. Commissioner, 42 T.C. 110 (1964).

It is within this framework that petitioner asks for leave to file the motion to vacate. Petitioner contends that there was not a meeting of the minds because respondent failed to advise him of the continuing accrual of interest, and thus a fraud was perpetrated on this Court sufficient to justify granting the two motions.

We defined "fraud on the court" in Abatti v. Commissioner, 86 T.C. 1319, 1325 (1986), affd. 859 F.2d 115 (9th Cir. 1988), as follows:

> Fraud on the court is "only that species of fraud which does, or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery can not perform in the usual manner its impartial task of adjud[g]ing cases that are presented for adjudication. Fraud, inter partes,

without more, should not be a fraud upon the court * * *" <u>Toscano v. Commissioner</u>, 441 F.2d at 933, quoting 7 J. Moore, Federal Practice, par. 60.33 (2d ed. 1970). To prove such fraud, the petitioners must show that an intentional plan of deception designed to improperly influence the Court in its decision has had such an effect on the Court. * * * [Citations omitted.]

In <u>Kenner v. Commissioner</u>, 387 F.2d 689, 690-691 (7th Cir. 1968), the Court of Appeals for the Seventh Circuit stated that the finality of a Tax Court decision "precludes any subsequent reconsideration by the Tax Court, at least on such grounds as mistake, newly discovered evidence, and the like."  The Court of Appeals also emphasized that the burden of proof rests squarely with the party seeking to set aside the final decision, and stated that this burden could not be met simply by making a broad assertion that the Tax Court decision was tainted with fraud. Rather, "there is a heavy burden * * * upon the one who seeks to impeach an order or decree of a court", who must come forward with "specific facts which will pretty plainly impugn the official record."  <u>Id.</u>; see also <u>Kraasch v. Commissioner</u>, 70 T.C. 623, 626 (1978); <u>Spielberger v. Commissioner</u>, T.C. Memo. 1989-444.

Defining the term "fraud upon the court," in <u>Kenner</u> the Court stated that the alleged improper conduct must rise to the level of an "unconscionable plan or scheme * * * designed to improperly influence the court in its decision" before it may be deemed a "fraud upon the court." <u>Kenner v. Commissioner</u>, <u>supra</u>

at 691.  The narrow and limited definition of "fraud upon the court" reflects the policy of putting an end to litigation, and serves the important legal and social interest in preserving the finality of judgments.  Toscano v. Commissioner, 441 F.2d 930, 934 (9th Cir. 1971), vacating 52 T.C. 295 (1969).  Other circuits have also articulated a very narrow definition of "fraud upon the court" and have underscored the heavy burden faced by a party who seeks to set aside a final Tax Court decision.  See Harbold v. Commissioner, 51 F.3d 618, 622 (6th Cir. 1995);  Aoude v. Mobil Oil Corp., 892 F.2d 1115, 1118 (1st Cir. 1989);  Abatti v. Commissioner, 859 F.2d at 118;  Senate Realty Corp. v. Commissioner, supra; Stickler v. Commissioner, supra.

In addition it is also clear that petitioner was required to demonstrate, not only that respondent engaged in conduct that was intended to mislead the Court, but--of paramount importance--that the actual conduct affected the outcome of the case.  Drobny v. Commissioner, 79 AFTR 2d 97-2395 (7th Cir. May 1, 1997).  In addition to establishing improper conduct, a taxpayer who attempts to set aside a final decision of the Tax Court must also explain how the alleged conduct induced, caused, or had a material effect upon the decision.  See also Chao v. Commissioner, 92 T.C. 1141, 1144, (1989) (motion to vacate denied because same result would have been reached even in the absence of the alleged fraud upon the court);  Abatti v. Commissioner, 86

T.C. at 1325 (taxpayer must show that deception "designed to improperly influence the Court in its decision has had such an effect on the Court.").

Petitioner has failed to establish that a fraud was perpetrated on this Court.  There were sufficient indications about interest accruals in the various documents petitioner received and in the Decision document he signed to put petitioner on his guard.  If he had any concern in that regard, he should have inquired.  The law is clear that interest accrues on unpaid tax liabilities from their due date until paid.  Moreover, the record does not reflect any evidence that the outcome of this case would be different if we permitted a trial on the merits.

In his reply to respondent's opposition to petitioner's motion for leave, petitioner relies on Toscano v. Commissioner, supra, to support his claim of fraud on the Court.  Josephine Toscano, also known as Josephine Zelasko, moved to vacate a stipulated decision of this Court 15 years after entry on the grounds that she was not and had not been the wife of Mr. Toscano.  In that case it was alleged that Mr. Toscano was not married when he filed what purported to be a joint return, having either forged the signature of Ms. Zelasko as his spouse or coerced her to sign the joint return against her will.  Mr. Toscano allegedly perpetrated three frauds.  First, he defrauded the Commissioner by filing a fraudulent joint income tax return

claiming he owed less tax than allowed by the law.  Second, he defrauded Ms. Zelasko by purporting to make her liable for his taxes.  Third, he carried this fraud to the Tax Court when he filed a joint petition with this Court for a redetermination of the deficiency.  The fraud upon this Court culminated when the Court entered a decision signed on behalf of Ms. Zelasko, holding her liable for the tax deficiency.  The Court of Appeals for the Ninth Circuit vacated the Tax Court's Decision and held that Ms. Zelasko, under these circumstances, was entitled to a hearing on her allegations.

The facts in <u>Toscano</u> are distinguishable from the instant case.  Here, petitioner represented himself and negotiated a settlement with respondent.  He signed a stipulation of decision which specifically provides for the assessment and collection of statutory interest.  We do not find any fraud perpetrated upon this Court.

Accordingly,

<u>An order will be issued denying petitioner's Motion for Leave to File a Motion to Vacate or Revise the Decision</u>.