SHELDON SCHWARTZ AND AMY SCHWARTZ, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Schwartz v. Commissioner
Docket No. 15902-89
United States Tax Court
T.C. Memo 1992-302; 1992 Tax Ct. Memo LEXIS 325; 63 T.C.M. (CCH) 3062; May 21, 1992, Filed *325 An appropriate order will be issued. Mark S. Bauman, for petitioners. Rose E. Gole, for respondent. POWELL
POWELL
MEMORANDUM OPINION POWELL, Special Trial Judge: This case is before the Court on petitioners' Motion for Leave to Move to Vacate Order of Dismissal and Decision Entered April 19, 1990. The facts, as alleged in the motion or as otherwise shown in the record, are as follows. On April 7, 1989, respondent issued a notice of deficiency to petitioners for the taxable year 1981 in the amount of $ 69,251. The genesis of the deficiency is in respondent's disallowance of loss deductions claimed by petitioners from transaction with Emanuel Arbitrage (through S&M partnership) and Government Arbitrage (through Arbitrage partnership). These are two tax shelters that allegedly created losses from trading in forward contracts of financial debt instruments that are similar to transactions discussed in Freytag v. Commissioner, 89 T.C. 849 (1987), affd. 904 F.2d 1011 (5th Cir. 1990), affd. on other issues 501 U.S.     (June 27, 1991). On July 3, 1989, a petition was filed on behalf of petitioners by Gerald M. Cotter, an attorney who is admitted *326 to practice before this Court. The petition states that Mr. Schwartz was a partner in two partnerships (S&M and Arbitrage), that these partnerships sustained operating losses, and that petitioners correctly reported Mr. Schwartz's distributive shares of those losses. At the time that the petition was filed, petitioners resided in Lawrence, New York. Petitioners were introduced to Mr. Cotter by their accountant Neil Blumstein. Petition Sheldon Schwartz only met with Mr. Cotter "once or twice" prior to the filing of the petition, and petitioners relied on Mr. Blumstein "to act as a conduit with Mr. Cotter". Under the Rules of this Court, all services of orders are made on the counsel of record. Rule 21(b)(2). [1] On February 1, 1990, the Court issued orders setting this case, and other cases involving Emanuel Arbitrage, for a pretrial conference in New York City on March 8, 1990. That order specifically provided that if there were no appearance by or on behalf of petitioners, the case would be dismissed and a decision would be entered in the amount contained in the notice of deficiency. At that pretrial conference, there was no appearance by or on behalf of petitioners, and, *327 on April 19, 1990, the Court entered an order of dismissal and decision sustaining respondent's determination in the notice of deficiency. No timely motions for reconsideration or to vacate were filed (see Rules 161 and 162), and no notice of appeal was filed. Subsequently, respondent assessed the deficiency, and in "early September" 1990, petitioners received a tax bill for the amount of tax and interest due on the assessment. On April 17, 1991, almost 1 year after the Order of Dismissal and Decision had been entered, petitioners filed the motion for leave to vacate that is now before the Court. The gravamen of the motion is the allegation that petitioners had just discovered that Mr. Cotter, during the time that the case was calendared for the pretrial conference in New York, was so consumed with personal problems, *328 that petitioners "were effectively without counsel when the status [sic] hearing occurred on March 8, 1990". A nonappealed decision of this Court becomes final "Upon the expiration of the time allowed for filing a notice of appeal". Sec. 7481(a)(1). The time allowed for filing a notice of appeal is 90 days. Sec. 7483. This Court is a court of limited jurisdiction and only may exercise jurisdiction to the extent expressly permitted by Congress. See, e.g., Judge v. Commissioner, 88 T.C. 1175, 1180-1181 (1987). There is no statutory provision that allows the Tax Court to reopen a final decision. If, however, it is alleged that a decision is based on "fraud on the Court", we will consider whether a final decision should be vacated. See Chao v. Commissioner, 92 T.C. 1141 (1989) and cases cited therein. Petitioners contend that Mr. Cotter's conduct constituted a fraud on the Court. Fraud on the Court, however, does not embrace all species of attorney misconduct and is limited to "that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot *329 perform in the usual manner its impartial task of adjudging cases that are presented for adjudication". Kupferman v. Consolidated Research & Manufacturing Corp., 459 F.2d 1072, 1078 (2d Cir. 1972) (quoting 7 J. Moore, Federal Practice, par. 60.33 at 511 (1971)); see also Senate Realty Corp. v. Commissioner, 511 F.2d 929 (2d Cir. 1975). Carelessness, and indeed gross negligence, by an attorney does not constitute fraud on the Court. Dominquez v. United States, 583 F.2d 615, 617 (2d Cir. 1978); Heim v. Commissioner, 872 F.2d 245, 247 (8th Cir. 1989); see also Chao v. Commissioner, supra.
It is quite clear here that, while there may have been a fraud committed on petitioners by their counsel, there was no fraud committed on the Court. See Anderson v. Commissioner, 693 F.2d 844, 846 (9th Cir. 1979), affg. an Order of this Court. Contrary to petitioners' contention, this is a vastly different case than Leber-Krebs, Inc. v. Capitol Records, 779 F.2d 895 (2d Cir. 1985). In that case, it was alleged that there was an affirmative misrepresentation, *330 upon which the court relied in disposing of the matter before it. There was no such affirmative misrepresentation here. The fact of the matter is that this case was dismissed because there was no appearance at the hearing by petitioners or their counsel, as the order calendaring the hearing provided. Petitioners alternatively contend that we should vacate the decision under the provisions of Rule 60(b), Federal Rules of Civil Procedure (hereinafter F. R. Civ. P.). Rule 60(b) (F. R. Civ. P.) provides in relevant part: [a district] court may relieve a party * * * from a final judgment * * * for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; *331 or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within reasonable time, and forreasons (1), (2), and (3) not more than one year after the judgment * * * was entered * * *
While the Court has looked to Rule 60(b) (F. R. Civ. P.) for guidance in determining whether we should vacate non-final decisions (e.g., MacElvain v. Commissioner, T.C. Memo. 1987-366)), the Court has never adopted the position that reasons specified in Rule 60(b) (F. R. Civ. P.) provide exceptions to the statutory finality provisions contained in section 7481. We, however, do not find that it is necessary to decide that issue in this case. The only grounds contained in Rule 60(b) (F. R. Civ. P.) that are remotely applicable here are that (1) there is excusable neglect (Rule 60(b)(1) (F. R. Civ. P.)) or (2) there are other reasons justifying relief (Rule 60(b)(6) (F. R. Civ. P.)). There is no excusable neglect here. The order warned that the case would be dismissed, if there was no appearance, and even if their failure to appear was due to the personal problems of counsel, that generally does not excuse his failure to appear. See Link v. Wabash Railroad Co., 370 U.S. 626, 633-634 (1962); *332 Cline v. Hoogland, 518 F.2d 776, 778 (8th Cir. 1975). But, more important, relief under both Rule 60(b)(1) and (6) (F. R. Civ. P.) is conditioned upon the moving party making "a strong case that he has a meritorious defense which could have been asserted * * *". United States v. Cirami, 563 F.2d 26, 35 (2d Cir. 1977), see also Wagstaff-El v. Carlton Press Co., 913 F.2d 56, 57 (2d Cir. 1990), cert. denied 501 U.S.     (1991); Central Operating Co. v. Utility Workers of America, 491 F.2d 245, 252 (4th Cir. 1974). The sole reference in petitioners' moving papers to any defense that petitioners had in this matter is that "the deduction at issue was claimed due to GAC's [Government Arbitrage] loss". This allegation is a non sequitur and clearly does not make a strong case of a meritorious defense. The Court has had several hearings involving both Emanuel and Government Arbitrage cases. At these hearings, it has been represented, without dispute, that the losses involved arise from transactions similar to those discussed in Freytag v. Commissioner, supra. In Freytag, and *333 the cases cited therein, 89 T.C. at 876-877, the Court has consistently refused to recognize losses from these type transactions. Under these circumstances, to satisfy the requirements of Rule 60(b) (F. R. Civ. P), petitioners must allege with specificity the reasons that this case would not be controlled by our precedents. Their moving papers fall far short of that requirement, and, even if section 7481 does not bar the vacating of our Order of Dismissal and Decision, we decline to do so. An appropriate order will be issued. Footnotes
1. All Rule references are to the Tax Court Rules of Practice and Procedure, except as otherwise provided, and all statutory references are to the Internal Revenue Code in effect for the year in issue.↩