**MacEWEN PETROLEUM, INC., Plaintiff,**

v.

**Eli TARBELL, Individually and doing business as Bear's Den Trading Post, and Brandon Tarbell, Individually and doing business as Mohawk Petroleum, Defendants.**

**No. 96–CV–1917.**

United States District Court, N.D. New York.

May 13, 1997.

Bond, Schoeneck & King, L.L.P. (John M. Bagyi, of counsel), Albany, NY, for plaintiff.

Rudin Law Office (Michael B. Rudin, of counsel), Rochester, NY, for defendants.

## MEMORANDUM–DECISION & ORDER

McAVOY, Chief Judge.

### I.  BACKGROUND & FACTS

In the present motion, the defendants Eli and Brandon Tarbell seek an Order of this Court, pursuant to Fed.R.Civ.P. 60(b)(1) and (b)(4), vacating the default judgment entered February 20, 1997 in favor of the plaintiff in the amount of $483,055.49, together with interest from December 5, 1996, and costs in the amount of $230.00.  The defendants claim that they are entitled to vacate the default judgment on the grounds that (1) there is excusable neglect based on law firm error, and (2) the judgment is void for lack of jurisdiction.  The relevant facts are set forth below.

The plaintiff is a foreign corporation with its principal place of business in the province of Ontario, Canada.  The defendants are Native American New York residents, who reside and conduct business on the St. Regis Mohawk Indian reservation.

The plaintiff, a petroleum distributor, delivered motor fuel at a price of $483,055.49 to the defendants' businesses, between December 1992 and August 1996.  The fuel was accepted by the defendants, but never paid for, despite demands for payment by the plaintiff.

On January 23, 1996, the plaintiff commenced an action against the defendants in the St. Regis Mohawk Tribal Courts.  In July 1996, when that action was still in the pleading stages, the plaintiff alleges that the tribal Courts were put on hold.  Ostensibly, the effect of this "on hold" status is the complete cessation of judicial activity by the Courts.

Subsequent to learning of the inactive status of the Tribal Courts, the plaintiff commenced the instant action; by filing a Summons and Complaint with this Court on December 5, 1996.  Defendants were served on December 18, 1996.

The defendants sought an extension of the time to answer until January 20, 1997, through a request by their then-attorney, Daniel Pease, Esq. The plaintiff consented to the request.  However, no answer or motion was filed by the defendants during that time period.

On February 10, 1997, the Clerk of the Court advised the plaintiff's counsel by letter that defendants time to answer had expired, and requested that the plaintiff seek entry of default.  On February 19, 1997, thirty days after the time to answer had expired, the plaintiff requested the entry of default and the entry of judgment by the Court for the amount set forth above.  The Court so entered on February 20, 1997.  On March 11, 1997, the defendants moved to set aside the default judgment.

As alleged by the defendants, their then attorney, Mr. Pease, was served with process on December 23, 1996, one day before he was planning to leave for a two-week vacation.  Mr. Pease advised the defendants to seek counsel more familiar with federal procedure, and secured an extension of the time to

answer. Attorney Pease returned from his vacation on January 7, 1997, and "got caught up in the usual pile of correspondence and pleadings that accumulated in [his] absence." Affidavit of Attorney Pease at ¶ 8. Mr. Pease had failed to "diary" the extension deadline in this case. Apparently, Mr. Pease became aware of the impending deadline sometime in January, but alleges that he was unable to contact his client until February 18, 1997, regarding whether he had retained counsel to respond to the Complaint. On February 20, 1997, the date on which default judgment was entered by the Court, attorney Pease faxed a letter to plaintiff's counsel advising him that the defendants had retained counsel to answer the Complaint.

## II. DISCUSSION

The defendants set forth two theories of relief for consideration by the Court. First, the defendants claim that the default was due to excusable neglect, as Mr. Pease, merely failed to diary the extension deadline for answering the Complaint. Second, the defendants claim that this Court lacks jurisdiction over this matter, because the matter is subject to the exclusive jurisdiction of the St. Regis Tribal Courts.

### A. Standard to Vacate Default

As one means of ensuring compliance with time limits set out in the Federal Rules of Civil Procedure, the default rules serve the end of an orderly and efficient administration of justice. *See Enron Oil Corp. v. Diakuhara,* 10 F.3d 90, 96 (2d Cir. 1993). However, Courts generally disfavor default judgments, particularly when the case presents issues of fact. *Meehan v. Snow,* 652 F.2d 274, 277 (2d Cir.1981). Courts should only order this extreme sanction as a penalty of last resort. *Id.,citing, Peterson v. Term Taxi Inc.,* 429 F.2d 888, 890–92 (2d Cir.1970). When cases present disputed factual issues, the Federal Rules promote trial on the merits, and hence courts resolve doubts about whether to grant or vacate a default in favor of the defaulting party. *Sony Corp. v. Elm State Elec., Inc.,* 800 F.2d 317, 320 (2d Cir.1986); *Enron,* 10 F.3d at 96; *Meehan,* 652 F.2d at 277; *See*

*also Klapprott v. United States,* 335 U.S. 601, 615, 69 S.Ct. 384, 390–91, 93 L.Ed. 1099 (1949), *modified,* 335 U.S. 631.

The Court now turns to the relevant federal rules. Rule 55(a) provides that a clerk shall enter a default when presented with an affidavit stating that a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend. *See; e.g. Enron,* 10 F.3d 90 (2d Cir.1993); *Hodges v. Jones,* 873 F.Supp. 737, 742 (N.D.N.Y.1995). Rule 55(c) permits the Court to vacate default for "good cause shown." The defendants, however, have moved for relief under the more rigorous Rule 60(b)(1). *See American Alliance Ins. Co., Ltd. v. Eagle Ins. Co.,* 92 F.3d 57, 59 (2d Cir.1996).

Rule 60(b)(1) allows a party to gain relief from a final judgment which resulted from "mistake, inadvertence, surprise, or excusable neglect." In determining whether to vacate a default judgment under this Rule, Courts have distilled these grounds for relief into three criteria: 1) whether the default was willful; 2) whether the defendant has a meritorious defense; and 3) the prejudice that will result to the non-defaulting party if the relief is granted. *Davis v. Musler,* 713 F.2d 907, 915 (2d Cir.1983).

### 1. Willfullness

Of these elements, willfulness is preeminent, and a willful default will not normally be set aside. *Brien v. Kullman Industries,* 71 F.3d 1073, 1077 (2d Cir.1995) (citation omitted). Vacatur of such a default should be allowed only when there is a compelling reason therefor, as when the underlying action has "no valid basis whatsoever." *Wagstaff–El v. Carlton Press Co.,* 913 F.2d 56, 57 (2d Cir.1990).

The defendants have moved to vacate the default judgment on the ground that their then-attorney, in essence, was negligent in failing to "diary" the extension deadline for answering. In addition, the Court notes that Mr. Pease was negligent in failing to follow-up with his clients immediately after returning from his vacation. However, Mr. Pease and the defendants are fortunate that their procedural predicament unfolded in the

Second Circuit. As recently stated by this Circuit, although a number of Circuits will not find negligent acts by counsel to be excusable neglect,[1] the Second Circuit "see[s] no reason to expand [the] willfulness standard to include careless or negligent errors in the default judgment context." *American Alliance*, 92 F.3d at 61. As that is all that is alleged herein, the Court declines to find that the default by the defendants was willful.

### 2. Meritorious Defenses

■ "To satisfy the criterion of a 'meritorious defense,' the defense need not be ultimately persuasive at this stage. 'A defense is meritorious if it is good at law so as to give the fact finder some determination to make.'" *Id., quoting, Anilina Fabrique de Colorants v. Aakash Chemicals and Dyestuffs, Inc.*, 856 F.2d 873, 879 (7th Cir.1988). However, "[a] defendant seeking to vacate an entry of default must present some evidence beyond conclusory denials to support his defense." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 98 (2d Cir.1993) (stated in Fed. R.Civ.P. 55(c) context). The Court now turns to the defendants' contentions.

The Court finds that the defendants have satisfied this prong of the analysis. The plaintiff claims that the defendants failed to pay for nearly one-half million dollars of fuel delivered to the defendants' businesses. However, the defendants allege that the plaintiff overcharged the defendants in violation of their long-standing agreement, and failed to set aside $0.05/gallon for the benefit of the defendants as agreed to by the parties. Thus, the defendants claim that the plaintiff owes them over $1.5 million. The Court, of course; cannot make any credibility determinations at this stage. Rather, the Court merely identifies that factual issues bearing on the merits exist. *See Meehan*, 652 F.2d at 277. The defendants have set forth more than conclusory denials to support their defense.

### 3. Prejudice

■ As to the prejudice the plaintiff would suffer if the default were vacated, it must show more than mere delay if this criteria is to weigh in its favor. *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 98 (2d Cir.1993). The plaintiff must demonstrate that the default caused some actual harm to its ability to litigate the case, such as by diminishing the amount of available evidence, or that it relied to his detriment on the judgment entered. *See Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 657 (3rd Cir.1982). No such showing as set forth in *Feliciano* has been set forth by the plaintiff. However, the plaintiff has shown that vacating default may hinder its ability to satisfy a judgment if so awarded, given that the vast majority of the defendants' assets are located within the jurisdiction of the reservation. In addition, vacating default might give the defendants the opportunity to abscond with the few assets already reached by the plaintiff. Thus, the Court finds that the plaintiff has shown some appreciable prejudice that could befall it if the default is vacated.

Having assessed the three areas of inquiry relating to whether the Court should grant a motion to vacate a default judgment, the Court finds that vacating the default judgment in this case is appropriate. However, the Court will require that, as a condition of vacating the default judgment, the defendants must post a $500,000.00 bond with the Court in accordance with the Federal Rules and the Local Rules of the Court.

### B. Fed.R.Civ.P. 60(b)(4) Motion

■ In addition to moving to vacate the default judgment entered against them, the defendants also move to dismiss the Complaint on the ground that this Court lacks original jurisdiction. Briefly stated, the defendants are Native Americans residing on the St. Regis Mohawk reservation. As such, it is the defendants' position that any dispute to which they are a party falls under the jurisdiction of the Tribal Courts. In fact, the

---

**1.** *See, e.g., Johnson v. Gudmundsson*, 35 F.3d 1104, 1117 (7th Cir.1994); *CJC Holdings, Inc. v. Wright & Lato, Inc.*, 979 F.2d 60, 64 (5th Cir. 1992); *Gibbs v. Air Canada*, 810 F.2d 1529, 1537–38 (11th Cir.1987); *Pelican Production Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990).

plaintiff originally filed a substantially similar action against these defendants in the Tribal Courts before filing the present action. However, the plaintiff claims that it was necessary to file the instant action, because the Tribal Courts are inactive.

 As this Court stated in *Basil Cook Enterprises, Inc. v. St. Regis Mohawk Tribe,* "[i]n the civil context, courts have widely held that before resorting to state or federal courts to resolve disputes relating to Indian affairs or arising on reservations, generally, a plaintiff must exhaust the remedies. available through the tribal court system." 914 F.Supp. 839, 841 (N.D.N.Y.1996). However, the rule is not absolute, and of particular importance to the undersigned in *Basil Cook Enterprises,* was the fact that the Tribal Court "does exist, and should be afforded the initial opportunity to determine the issues" raised in this forum. *Id.* at 842.

In *National Farmers Union,* the Supreme Court enumerated three exceptions to the so-called tribal exhaustion doctrine. Exhaustion is not required in situations where the assertion of tribal jurisdiction (1) "is motivated by a desire to harass or is conducted in bad faith," or (2) "where the action is patently violative of express jurisdictional prohibitions," or (3) "where exhaustion would be futile because of the lack of an adequate opportunity to challenge the court's jurisdiction." *National Farmers Union Insurance Companies v. Crow Tribe,* 471 U.S. 845, 857, note 21, 105 S.Ct. 2447, 2454, note 21, 85 L.Ed.2d 818 (1985). As suggested by the plaintiff, and in spite of this Court's previous holding with respect to the St. Regis Tribal Courts, exhaustion would be futile in this case. The Tribal Courts had the first opportunity to address the issues raised herein. However, that court is no longer operative. The Court can find no reason to require the plaintiff to litigate in a court that is not functioning. Moreover, the defendants have not even alleged that the Tribal Courts are functioning, or will ever resume operations, such that the case filed originally therein can move forward. To require the plaintiff to continue in the St. Regis court system would belie logic. Accordingly, the Court must deny the defendants' motion to dismiss the plaintiff's Complaint.

## III. CONCLUSION

For the reasons stated herein, the Court hereby GRANTS the defendants' motion to vacate the default judgment entered in favor of the plaintiff on February 20, 1997, at such time as the defendants post a bond with the Court as stated herein, and further DENIES the defendants' motion to dismiss the plaintiff's Complaint on the basis that this Court lacks jurisdiction.

**IT IS SO ORDERED.**