BASIL COOK ENTERPRISES, INC., a New York Corporation, Basil J. Cook, and Guilford D. White, Plaintiffs,

v.

ST. REGIS MOHAWK TRIBE, Norman J. Tarbell, Philip H. Tarbell, and Douglas A. Smoke, Defendants.

No. 98–CV–0726.

United States District Court, N.D. New York.

Nov. 19, 1998.

Camhy Karlinsky & Stein LLP, New York City, for Plaintiffs; Martin E. Karlinsky, of counsel.

Lehtinen, O'Donnell Law Firm, Miami, FL, for Defendants; William K. Hoyt, of counsel.

## MEMORANDUM–DECISION & ORDER

McAVOY, Chief Judge.

### I. Background

Plaintiffs Basil Cook Enterprises, Inc. ("BCE"), Basil J. Cook ("Cook"), and Guil-

ford D. White ("White"), filed their Complaint on May 1, 1998, against defendants St. Regis Mohawk Tribe ("St.Regis"), Norman J. Tarbell, and Douglas A. Smoke, seeking (1) damages under the Indian Civil Rights Act ("ICRA"), 25 U.S.C. § 1302; (2) damages for conversion, trespass, and invasion of privacy; (3) an order to compel arbitration of the parties' dispute, and to enjoin the defendants from proceeding with further actions in the St. Regis Tribal Court ("Tribal Court"); and (4) punitive damages. Defendants move to dismiss the Complaint pursuant to Fed. R.Civ.P. 12, alleging, *inter alia,* that plaintiffs' claims raise issues of tribal law that are properly resolved within the jurisdiction of the Tribal Court. Therefore, central to this dispute and the Court's subject matter jurisdiction is whether there exists a functioning Tribal Court, and if so, whether plaintiffs' claims must first be resolved through the St. Regis tribal court system. Familiarity with the Court's prior decision in a related matter between the parties is assumed. *See Basil Cook Enters., Inc. v. St. Regis Mohawk Tribe,* 914 F.Supp. 839 (N.D.N.Y.1996), *aff'd,* 117 F.3d 61 (1997).

On February 14, 1996, this Court denied plaintiffs' motion to compel arbitration and stay any proceedings in the St. Regis Tribal Court pending the Tribal Court's determination of jurisdiction. *See id.* at 6. Specifically, the Court stated:

> The [C]ourt recognizes that the St. Regis [T]ribal [C]ourt is in its infancy, but that fact cannot foreclose the general rule that federal courts must abstain from the exercise of jurisdiction until the plaintiffs have sought a remedy in the tribal court system.

*Id.* at 5.

On March 4, 1996, the Tribal Court issued a Memorandum–Decision & Order finding both subject matter jurisdiction over the claims and counterclaims raised and personal jurisdiction over the parties involved in the litigation. *See* Compl. at Ex. I (Memorandum–Decision & Order of Hon. Christine

Zachary Deom, Chief Judge, St. Regis Mohawk Tribal Court). Following that decision, this Court dismissed the Complaint without prejudice. *See* Compl. at Ex. J (Order of Chief Judge Thomas J. McAvoy dated March 25, 1996). Plaintiffs have neither appealed the March 4, 1996 decision of the Tribal Court nor responded to Judge Deom's requests for additional briefing by the parties. *See* Aff. of Danielle M. Lazore, at ¶¶ 8–9 (hereinafter "Lazore Aff.").

In a Memorandum–Decision & Order dated June 26, 1996, the Tribal Court resolved title of the St. Regis Mohawk Bingo Palace in favor of the St. Regis Mohawk Tribe and dismissed all of the counterclaims of then-defendants BCE, Cook, and White. *See* Compl. at Ex. K.[1] Plaintiffs then appealed this Court's dismissal of plaintiffs' federal action, arguing that the "Tribal Court lacked all authority to hear [the] dispute because the appointment of the presiding tribal judge [Deom] was executed in violation of the tribal constitution." *Basil Cook Enters., Inc. v. St. Regis Mohawk Tribe,* 117 F.3d 61, 67 (2d Cir.1997). The Second Circuit affirmed this Court's dismissal of plaintiffs' original complaint without prejudice. *See id.* at 69.

Plaintiffs' complaint presently raises claims similar to those raised as counterclaims in the previous Tribal Court matter. *See* Compl. at ¶¶ 136–51. The Court will first consider the issue of its jurisdiction, and then, if necessary, proceed to the remaining issues presented by this matter.

## II. DISCUSSION

### A. The Standard Under Fed.R.Civ.P. 12(b)(1)

When a question regarding the district court's subject matter jurisdiction is raised, either by the parties or by the Court on its own motion pursuant to Fed.R.Civ.P. 12(b)(1), evidentiary matters relevant to the jurisdictional challenge presented by affidavit or otherwise may be considered by the Court. *See Kamen v. AT & T,* 791 F.2d

---

1. These counterclaims alleged claims: (1) under the ICRA; (2) under the Fifth Amendment of the Federal Constitution; (3) under Article IV, section 1 of the Tribal Constitution; (4) for conversion, trespass, and invasion of privacy; (5) to compel arbitration pursuant to the management contract governing operation of the Mohawk Bingo Palace; and (6) for punitive damages. *See* Compl. Ex. K, at 4–6.

1006, 1011 (2d Cir.1986); *Exchange Nat'l Bank of Chicago v. Touche Ross & Co.*, 544 F.2d 1126, 1130 (2d Cir.1976) (citing *Land v. Dollar*, 330 U.S. 731, 735 n. 4, 67 S.Ct. 1009, 1011 n. 4, 91 L.Ed. 1209 (1947)); *Solow v. Stone*, 994 F.Supp. 173, 178 (S.D.N.Y.1998) (construing a motion regarding the court's subject matter jurisdiction as a motion to dismiss under Rule 12(b)(1)). Consideration of matters outside the pleadings does not convert the Rule 12(b)(1) motion to a motion for summary judgment under Fed.R.Civ.P. 56. *See Kamen*, 791 F.2d at 1011 (noting that a motion that "includes evidentiary matters outside the pleadings is properly converted to a Rule 56 motion only when it is made under Rule 12(b)(6) [for] failure to state a claim"); *Exchange Nat'l Bank*, 544 F.2d at 1130–31. Rule 56 is relevant, however, in guiding the Court's analysis of evidence submitted outside the pleadings and in dealing with factual issues raised in the Rule 12(b)(1) motion. *See Exchange Nat'l Bank*, 544 F.2d at 1131. In deciding a Rule 12(b)(1) motion, "a court must accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *Solow*, 994 F.Supp. at 178. Similar, however, to a Rule 56 motion, "a party opposing a Rule 12(b)(1) motion cannot rest on the mere assertion that factual issues may exist." *Exchange Nat'l Bank*, 544 F.2d at 1131.

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, judgment may be entered in favor of the moving party if "there is no genuine issue as to any material fact and [ ] the moving party is entitled to judgment as a matter of law." *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). On a motion for summary judgment, all facts must be construed in favor of the nonmoving party. *Id.; Buttry v. General Signal Corp.*, 68 F.3d 1488, 1492 (2d Cir.1995). With these standards in mind, the Court now addresses defendants' motion.

## B. Subject Matter Jurisdiction

■ Plaintiffs, who are "seeking to invoke the subject matter jurisdiction of the district court," bear the burden of showing that they are properly before the Court. *See Scelsa v.*

*City Univ. of New York*, 76 F.3d 37, 40 (2d Cir.1996); *In re Joint E. & S. Dist. Asbestos Litig.*, 14 F.3d 726, 730 (2d Cir.1993); *Solow*, 994 F.Supp. at 178; *Ensign–Bickford Co. v. ICI Explosives USA, Inc.*, 817 F.Supp. 1018, 1024 (D.Conn.1993); *see also United States v. Hays*, 515 U.S. 737, 743, 115 S.Ct. 2431, 2435, 132 L.Ed.2d 635 (1995) (" 'It is the burden of the party who seeks the exercise of jurisdiction in his favor, clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute.' ") (citations omitted).

■ Plaintiffs argue, *inter alia*, that federal court jurisdiction is proper because the Tribal Court is "no longer operative." *See* Pl. Mem. of Law at 7. Specifically, plaintiffs allege that "no ... tribal remedies are available, because no tribal court exists." *See id.* at 7. Plaintiffs rely, in part, on statements made by former Tribal Court Administrator David J. Back, stating that "although Tribal Council Act 94–F established a Judicial system, that system is not currently functioning (except ... with respect to the performance of administrative services)." *See* Compl. at Ex. A (Affidavit of David J. Back, dated October 23, 1996) (hereinafter "Back Aff."). In relying in part on this Court's decision in *MacEwen Petroleum, Inc. v. Tarbell*, 173 F.R.D. 36 (N.D.N.Y.1997), *appeal dismissed*, 136 F.3d 263 (2d Cir.1998), plaintiffs argue that any attempt to resolve their claims in the Tribal Court would be futile given that "no St. Regis Mohawk tribal court is currently in existence." *See* Pl. Mem. of Law at 1 (emphasis in original).

Defendants respond that plaintiffs' allegations regarding futility are insufficient to establish federal court jurisdiction over plaintiffs' claims. Specifically, defendants contend that plaintiffs' assertions are "premised only upon speculation that they could not obtain relief" and a "single-page elliptical affidavit signed by a former tribal court administrator." *See* Def. Mem. of Law at 14–15. Defendants rely on the statements of the current Tribal Court Administrator, Danielle M. Lazore, stating that "the [Tribal] Court has always remained open, continued active employment of administrative personnel and held its judges

available to serve when they may do so safely." *See* Lazore Aff. at ¶ 11. In addition, Lazore states that the Tribal Court has "issued two written opinions on the continuing validity of the St. Regis Mohawk Tribal Constitution." *See id.*; Exs. 13–14. Notably, Chief Judge Deom's decisions "regarding the status of the tribal constitution and the identity of recognized tribal leaders" have been "accepted" by the Bureau of Indian Affairs of the United States Department of the Interior. *See* Lazore Aff. at Ex. 15 (Letter of Franklin Keel, Acting Eastern Area Director, Bureau of Indian Affairs, dated July 26, 1996).

The Court finds defendants' arguments regarding the existence of a tribal forum persuasive. In a supplemental affidavit dated September 11, 1998, Tribal Court Administrator Lazore stated that since June 12, 1998, the Tribal Court "has continued activity by hearing and deciding cases" and "is open, retains four Judges and is available to hear cases and render decisions." *See* Supplemental Aff. of Danielle M. Lazore at ¶¶ 1–3. Specifically, the Tribal Court has rendered decisions in two separate matters within the last six months. *See id.* at Ex. 16, 17. Notably, Chief Judge Deom specifically refuted then-Administrator David Back's statements regarding the ongoing operation of the Tribal Court. In directing Back to refrain from any action that could compromise the purpose and independence of the Tribal Court, Chief Judge Deom stated:

> I wish to clarify in the present circumstances and for the future that the [tribal] courts are an independent branch of the Mohawk government, whatever that government is or may become. Any abolishment of the [Tribal] Courts or Judgeships would be unlawful, illegal, and invalid.
> The [Tribal] Courts are operational and ongoing. The business of the courts is not to be directed or be the subject of any other branch of government.

Lazore Aff. Ex 6 (Letter of Chief Judge Deom to David Back, then-Administrator of the St. Regis Mohawk Tribal Court, dated July 3, 1996).

Thus, the Court finds that plaintiffs have not sufficiently established that "[t]here is no longer any St. Regis Mohawk tribal court ... [nor] tribal remedies available to plaintiffs." *See* Compl. at ¶ 133.

Plaintiff's reliance on *MacEwen* is misplaced in light of Chief Judge Deom's assertions regarding the functioning of the Tribal Court and the affidavit of Tribal Court Administrator Lazore indicating that the Tribal Court is currently operating and expects to resume an active schedule in the near future. In *MacEwen*, the Court based its decision, in part, on the fact that the defendants had "not even alleged that the Tribal Courts are functioning, or will ever resume operations, such that the case filed originally therein can move forward." *MacEwen*, 173 F.R.D. at 41. The scenario in *MacEwen* is therefore notably distinct from the matter presently before the Court. Based on the evidence provided by defendants, and the absence of specific allegations demonstrating that plaintiffs' efforts to litigate their claims in the Tribal Court would be futile, the Court will not divest the Tribal Court of jurisdiction in the present matter. *See Basil Cook Enters.*, 117 F.3d at 66 ("As long as a tribal forum is arguably in existence, as a general matter, we are bound ... to defer to it."); *see also National Farmers Union Ins. Co. v. Crow Tribe of Indians*, 471 U.S. 845, 105 S.Ct. 2447, 85 L.Ed.2d 818 (1985).

### III. CONCLUSION:

For all of the foregoing reasons, it is hereby

**ORDERED,**

that Defendants' motion to dismiss the Complaint is **GRANTED** without prejudice.

**IT IS SO ORDERED.**